## No. 473
## SHUTRUMP v. KAPORALOUS

Ohio Appeals, Seventh Dist., Trumbull County
Decidedd Jan. 11, 1923

CHARGE OF COURT—(1) Verdict not manifestly against the weight of evidence—(2) Minor errors in court's charge.

POLLOCK, J.

### Epitomized Opinion

This was an action brought by one Shutrup against Kaporalous for malicious prosecution. Plaintiff contended that Kaporalous falsely and maliciously caused his arrest and confinement in the Trumbull county jail. At the time the arrest was made defendant was engaged in the restaurant business in the city of Warren. On the day in question the plaintiff and another person on their way out of the restaurant were requested to pay for their dinners which they had received on the day previous. A controversy then arose, plaintiff and his companion claiming they had paid as they went out on the previous day. Kaporalous then caused the plaintiff to be arrested and brought before the mayor of the city. On the trial or hearing Shutrump was discharged, it appearing that his accuser was mistaken about the non-payment for the meal on the former occasion. Kaporalous then brought this action against Shutrump for malicious prosecution. As the jury found for Kaporalous plaintiff Shutrump prosecuted error on two grounds: First, that the verdict was manifestly against the weight of evidence, and second, error in the charge of the court. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As the verdict was supported by some evidence, it cannot be said as a matter of law that it was manifestly against the weight of evidence.

2. While the court's charge on the question of malice was erroneous in some respects, it cannot be said that any positive error of a prejudicial nature was committed, especially where the plaintiff failed to ask the court to give further instructions to the jury on the question of belief and malice.

## No. 475
## JOFFIN v. McEWAN and ROTHCHILD et al.

Ohio Appeals, Seventh Dist., Mahoning County
Decided March 30, 1923

PLEADINGS—(1) Right of one joint defendant to file cross-petition against co-defendant.

CARR, J.

### Epitomized Opinion

This was an action for personal injuries brought by Rothchild, a minor. The plaintiff was a passenger in an automobile which collided with another machine on a highway near North Jackson, in Mahoning county. The plaintiff filed his action against the driver and owner of the car in which he was riding and also against the owner of the other car, claiming that they were jointly negligent. The other one of the defendants, Joffin, filed an answer and cross-petition. In his cross-petition he sought to recover from his co-defendant, McEwan, who he claimed was responsible for the accident, and against whom he asked judgment for $1200 for damages to his automobile and $5,000 for personal injuries. A motion was made to strike the cross-petition of the co-defendant from the files upon the ground that it would lead to a confusion of issues. The motion was sustained by the trial court, and from which error was prosecuted to the Court of Appeals. In sustaining the lower court, the Court of Appeals held:

1. The owner of an automobile who has been joined with the owner or driver of another machine as defendant in an action for damages for injuries

received by a passenger in one of these automobiles, as a result of a collision cannot under GC. 11317 file a counter-claim against his co-defendant and thus litigate his rights as against this party in such action.

## No. 476
## PRITCHARD v. STATE

Ohio Appeals, Second District, Franklin County
No. 1025. Decided May 23, 1923

CRIMES—(1) No erro committed when incompetent evidence is later excluded by court under proper instructions—(2) Intoxication defined—(3) Verdict not manifestly against weight of evidence.

ALLREAD, J.

### Epitomized Opinion

The defendant was tried in the Municipal Court of Columbus for the offense of driving an automobile while intoxicated. During the trial the statement of one of the police officers at the time of the arrest as to what he heard people say in the crowd was introduced in evidence. The evidence was admitted over objection but was finally taken from the jury by the trial court at the conclusion of all the evidence. The instructions of the court to disregard this evidence was mandatory. The trial court gave three instructions as to intoxication: first, at the request of the state before argument "the degree of intoxication required to be established in that degree which will cause the accused to lose control to some extent, either of his faculties or possibly his muscles"; second, at the request of the defendant before argument, "the degree of intoxication contemplated by the statute providing a penalty therefor is not established by the proof of a flushed face, or the smell of liquor upon the breath, or a disposition to talk too freely or loudly, but refers, rather, to a condition in which control has been lost either of the faculties or muscles of locomotion"; third, from the general charge, "the court instructs you gentlemen, a man is drunk in a legal sense when he is so far under the influence of intoxicating liquor that his passions are visually excited or his judgment impaired by the liquor." The trial resulted in a conviction and the accused was sentenced to serve a term of 30 days in jail. Defendant prosecuted error to the Court of Appeals claiming that the court erred in the admission of evidence of the police officer, that the court erred in its charge, and that the evidence was insufficient to sustain a conviction. In sustaining the judgment of the lower court, it was held:

1. Where incompetent evidence is introduced but is later excluded and the jury has been clearly instructed to disregard such evidence, no prejudicial error was committed in its admission.

2. As intoxication is a term of general import and common knowledge, no definition by the court of this term is required. But if the court attempts to define the term and defines it correctly, no error is committed in so doing. As the definitions given in this case were proper, and if anything more favorable to the accused, no error was committed.

3. It cannot be said as a matter of law that the verdict was manifestly against the weight of the evidence, as there was ample evidence to sustain the findings of the jury and a reviewing court will not set aside the verdict on the question of credibility of witnesses unless the verdict is clearly contrary to the weight of evidence.

Attorneys—C. C. Clouse, for Pritchard; Charles A. Leach and Baxter Evans, for State.